**The evidentiary hearing scheduled by paragraph 2 of this Order will be conducted in Courtroom 7, C. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, Miami, FL.**

**ORDERED in the Southern District of Florida on June 15, 2016.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 16-15078-AJC |
| | : | |
| JACQUELINE STUART, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| ________________________________ | / | |

**ORDER SETTING EVIDENTIARY HEARING TO CONSIDER THE DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 13 CASE [D.E. #21] AND THE TRUSTEE'S OBJECTION TO THE DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 13 [D.E. #28]**

THIS CAUSE came before the Court on June 7, 2016 at 11:00 A.M. to consider the Debtor's *Motion to Convert Case to Chapter 13 Case* [D.E. 21] (the "***Motion to Convert***"), the Trustee's *Objection to the Debtor's Motion to Convert Case to Chapter 13* [D.E. 28] (the "***Objection***"), and the Trustee's *Motion Requesting Evidentiary Hearing on Debtor's Motion to Convert Case to Chapter 13 Case and Trustee's Objection to the Debtor's Motion to Convert Case to Chapter 13* [D.E. 29] (the "***Motion***"). The Court has reviewed the Motion to Convert, the Objection, the Motion and the record herein, and having been advised by Trustee's counsel

that the matter is agreed. The Court finds it appropriate to schedule the Motion to Convert and the Objection for an Evidentiary Hearing, and to schedule deadlines in order to expedite and facilitate such hearing upon this matter. Accordingly, it is

**ORDERED** as follows:

1. The Trustee's Motion Requesting Evidentiary Hearing on Debtor's Motion to Convert Case to Chapter 13 Case and Trustee's Objection to the Debtor's Motion to Convert Case to Chapter 13 [D.E. 29] **IS GRANTED.**

2. The Debtor's *Motion to Convert Case to Chapter 13 Case* [D.E. 21] and the Trustee's Objection to the Debtor's Motion to Convert Case to chapter 13 [D.E. 28] are scheduled for final evidentiary hearing on August 3, 2016 at 2:00 P.M. Half a day has been set aside for the hearing.

3. At the evidentiary hearing, the Court will consider the issue of whether the Debtor lacks the requisite good faith to be a Chapter 13 Debtor, whether the Debtor lacks regular income sufficient to support a Chapter 13 plan, and whether the Debtor is ineligible to be a Chapter 13 Debtor under §109(e).

4. Aside from a supplemental documents requested by the Trustee at the Debtor's Rule 2004 Examination. The parties believe that all discovery has been completed. However, in the event that any additional discovery is necessary, any such discovery shall be completed no later than twenty one (21) days prior to the hearing. No expert discovery is needed in this case.

5. No later than fourteen (14) days prior to the hearing, the parties shall meet and confer regarding the preparation of a joint pre-hearing stipulation of uncontested facts. The joint pre-hearing stipulation shall be signed by counsel for the Trustee and counsel for the Debtor, and shall be filed with the Court no later than seven (7) days prior to the hearing.

6. On or before 4:00 P.M. four (4) business days prior to the hearing, each party shall deliver to each opposing party (but not file), the following documents:

a. A set of pre-marked exhibits (including summaries) intended to be offered as evidence at the Evidentiary Hearing. Exhibits tendered by the Trustee shall be marked numerically and exhibits tendered by the Debtor shall be marked alphabetically. Exhibits shall be bound in one or more notebooks or contained in one or more folders, with tabs marking each exhibit, and shall be accompanied by an Exhibit Register conforming to Local Form 49.

b. With regard to any summary the party will offer in evidence at the Evidentiary Hearing, a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties.

c. A witness list that includes a brief statement summarizing the testimony each witness is expected to present.

7. The time for responding to interrogatories, requests for admission or requests for production is shortened to fourteen (14) days from service of the discovery.

8. Objections to the use of deposition transcripts or admissibility of exhibits shall be made prior to commencement of the hearing.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
6495 SW 24 Street
Miami, FL 33155
Tel. 305-263-3328
Fax 305-263-6335
e-mail yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order upon all parties in interest upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*