UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 16-15078-AJC |
| | : | |
| JACQUELINE STUART, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| ______________________________ | / | |

**JOINT PRE-HEARING STIPULATION FOR THE EVIDENTIARY HEARING TO CONSIDER THE DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 13 [D.E. 21] AND THE TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 13 [D.E. 28]**

In advance of the Evidentiary Hearing to Consider the Debtor's Motion to Convert Case to Chapter 13 [D.E. 21] and the Trustee's Objection to Debtor's Motion to Convert Case to Chapter 13 [D.E. 28], the Trustee, Robert A. Angueira, and the Debtor, Jacqueline Stuart, stipulate that the following facts are admitted and require no proof at Trial:

**Background**

1. This Chapter 7 case was filed on April 08, 2016 (the "***Petition Date***"), and Robert A Angueira has been appointed to serve as the duly qualified Chapter 7 Trustee (the "***Trustee***").

2. The §341 Meeting of Creditors held and concluded on May 09, 2016 (the "***341 Meeting***"). The Trustee also conducted a Rule 2004 Examination of the Debtor on June 2, 2016 (the "***2004 Examination***").

**Facts regarding the Debtor's Property at 128 Lindenwood LN, Kissimmee**

3. The Debtor was the owner of certain real property, which property was titled solely to the Debtor, with physical address 128 Lindenwood LN, Kissimmee, FL 34743 (the "***128 Property***").

4. The Debtor sold the 128 Property, the closing took place on February 19, 2016. The Debtor received $21,928.62 in sale proceeds (the "***Sale Proceeds***").

5. The Debtor did not disclose the transfer of the 128 Property in her Statement of Financial affairs.

6. The Debtor has alleged that the 128 Property did not belong to her but belonged to her deceased ex-boyfriend based on an oral agreement. This allegation regarding the ownership of the 128 Property is a contested issue of fact. However the Debtor testified at the Rule 2004 Examination that she was unable to provide any documents which would prove that the 128 Property did not belong to her.

7. The Debtor testified at the 341 Meeting that she received $15,000.00 from the sale of the 128 Property which she gave to her deceased ex-boyfriend's brother.

8. The Sale Proceeds were deposited into an undisclosed bank account which the Debtor held at BB&T Bank. The Debtor testified at the 2004 Examination that the BB&T bank account was closed on February 2016. However based on the bank statements, provided by the Debtor's counsel on July 25, 2016 for the BB&T Checking Account #0111 which is solely titled to the Debtor, the BB&T account was not closed until April 1, 2016.

9. The Debtor claimed at the 2004 Examination that she received $21,928.62 from the sale of the 128 Property. The Debtor testified that she gave $5,000.00 to her daughter, $15,000.00 to her deceased ex-boyfriend's brother and retained for herself the difference of $1,928.62.

10. The Debtor's 2014 and 2015 Income Tax returns reflect that the Debtor received rental in income from the 128 Property. Additionally the Debtor's 2014 and 2015 Income Tax returns reflect that the Debtor claimed expenses related to the 128 Property.

11. The Debtor has filed a Motion to Convert Case to Chapter 13. Whether the Debtor seeks to convert her case to a Chapter 13 case in bad faith is a contested issue of fact.

**The Undisclosed Transfer of the 2012 Kia Sorento**

12. The Debtor was the owner of a 2012 Kia Sorento vehicle until March 25, 2016 (the "***2012 Kia***").

13. On March 25, 2016 the Debtor transferred the 2012 Kia to or for the benefit of the Debtor's daughter in law.

14. The debtor did not disclose the transfer of the 2012 Kia in her Statement of Financial Affairs.

15. The Debtor claims bare legal title and that her son and his wife were the owners of the 2012 Kia, however the Debtor testified at the 2004 Examination that she gave the down payment for the 2012 Kia and made the monthly payments for the 2012 Kia from the time in which she purchased the vehicle sometime in 2011 until January 2015.

We, Yanay Galban, Esq., attorney for the Trustee, Robert A. Angueira, and Dayren L. Suarez, Esq., attorney for the Debtor, Jacqueline Stuart, certify that we have met to discuss settlement and that a good faith settlement attempt has been made.

Dated: July 27, 2016

YANAY GALBAN
Fla. Bar No. 0105146
*Counsel for Robert A. Angueira, Trustee*
Robert A. Angueira, P.A.
6495 SW 24th Street
Miami, FL 33155
Tel: 305-263-3328
E-Mail: yanay@rabankruptcy.com

DAYREN L. SUAREZ
Fla. Bar No. 63336
*Counsel for Jacqueline Stuart, Debtor*
Law Offices of Hernandez & Suarez
215 W 49 St.
Hialeah, FL 33012
Tel.: 305-557-4304
E-Mail: dsuarez@miamilawgroup.com